UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE WILLIAM MAHAN,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCE CORRECTIONAL<br>HEALTHCARE, *et al.*,<br><br>Defendants. | Case No. 25-cv-12453<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DIRECTING U.S. MARSHALS SERVICE TO USE
REASONABLE EFFORTS TO SERVE CERTAIN DEFENDANTS**

Plaintiff Tyrone William Mahan, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 against twelve defendants for alleged constitutional and statutory violations arising from his confinement at the Genesee County Jail (GCJ).  ECF No. 1.  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.

Mahan was granted leave to proceed in forma pauperis, and the United States Marshals Service (USMS) was directed to serve the remaining defendants.  ECF No. 4; ECF No. 5.  Although waivers of service were mailed, service has not yet taken place for the following defendants:

- Advanced Correctional Health

- Dr. Lloyld

- Dr. McCarthy

- Lori Cool, a nurse supervisor

- Julie LNU (last name unknown), a social worker

- Matt LNU, a registered nurse, and

- Deputy Robinson, a "healthcare deputy."

Each of these defendants appears to have worked at the GCJ. *See*

*generally* ECF No. 1.

Twenty-eight U.S.C. § 1915(d) requires that officers of the court

"issue and serve process" when a plaintiff is proceeding in forma pauperis,

and Federal Rule of Civil Procedure 4(c)(3) provides that the court appoint

the USMS to serve process in these cases.  Together, Rule 4(c)(3) and 28

U.S.C. § 1915(d) "stand for the proposition that when a plaintiff is

proceeding in forma pauperis the court is obligated to issue plaintiff's

process to a United States Marshal who must in turn effectuate service

upon the defendants, thereby relieving a plaintiff of the burden to serve

process."  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (cleaned up);

*see also Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002)

(holding that the district court has a statutory responsibility to issue an in forma pauperis plaintiff's service to the USMS).

When the district court orders the USMS "to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004). Identifying a defendant, for example, as a "John Doe" prison guard does not suffice. *Sellers*, 902 F.2d at 602.

Although Mahan identified many of the individual defendants by only first or last name, he provided their job titles at the GCJ. And because many of the individual defendants are healthcare providers, they may have been employed by Advanced Correctional Healthcare, a third-party contractor providing healthcare services at the GCJ. Advanced retains The Corporation Company as its registered agent at 40600 Ann Arbor Rd. East, Suite 201, Plymouth, MI 48170. This information is likely specific enough to determine these defendants' identities.

The USMS must personally serve Advanced Correctional Healthcare's registered agent at the address provided above. The USMS must also use reasonable efforts to locate and personally serve Dr. Lloyld, Dr. McCarthy, Lori Cool, Julie LNU, Matt LNU, and Deputy Robinson within

60 days.  *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the USMS to take reasonable steps to locate the defendant's address through an internet search and by consulting defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (USMS was ordered to personally serve the defendants after a fourth waiver request was returned unexecuted).  The USMS must inform the Court of the results of its attempt to personally serve those defendants by **June 15, 2026**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 16, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

4

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager